UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WARE,<br><br>   Plaintiff,<br><br> v.<br><br>T. BERRONES, et al.,<br><br>   Defendants. | No.  1:26-cv-02350-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT HUERTA<br><br>(ECF No. 14) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed May 29, 2026.[1] (ECF No. 14.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] On June 22, 2026, Plaintiff filed a notice to proceed on the claim found to be excessive force claim found to be cognizable, and submitted a third amended complaint which was lodged by the Court. (ECF Nos. 15, 16.)  However, upon review of the second and third amended complaints, only the second amended complaint contains sufficient and specific factual allegations to give rise to a cognizable claim for excessive force against Defendants J. Poole, A. Vega, T. Berrones, and A. Martinez.  Therefore, the Court will proceed to screen Plaintiff's second amended complaint filed on May 29, 2026.

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On March 5, 2026, or April 5, 2026, Plaintiff was walking in waist and wrist chains when officer J. Poole began to use excessive and unnecessary force against him. Officer Poole grabbed Plaintiff's writ in an martial arts style hold and began yanking and pulling his wrist and arm like a "doll" or "puppet" forcing him to lose balance and causing his elbows to pend in different directions. Officer A. Vega grabbed Plaintiff's ankles and legs pulling and twisting them as the other officers held him down. Officer A. Martinez joined in and pushed and pulled Plaintiff's legs in different directions as if trying to make his legs touch the back of his head causing extreme pain. Officer T. Barrones then wrapped his arms around Plaintiff's neck placing him in a

2

martial arts style hold and released it just to forcefully push Plaintiff's face to the ground.

**III.**

**DISCUSSION**

A.      **Excessive Force**

Plaintiff contends that he was subjected to the use of excessive force when he was in waist and wrist chains.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is…whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury… [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

///

Liberally construed, Plaintiff's allegations in the first amended complaint are sufficient to state a plausible claim for excessive force against Defendants J. Poole, A. Vega, T. Berrones, and A. Martinez. Although Plaintiff names Defendant Huerta in the caption of the second amended complaint, he fails to name or link him/her to any affirmative action or omission giving rise to a claim for relief. Accordingly, Defendant Huerta must be dismissed from the action.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's second amended complaint (ECF No. 14) against Defendnats J. Poole, A. Vega, T. Berrones, and A. Martinez; and

2.  Defendant Huerta be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **June 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5